Thank you, your honors. Good morning. Well, we've briefed several issues, but I'd like to center on the issues raised by the addendum to the pre-sentence report that was issued in this case. And we believe for several reasons the district court committed significant procedural error in its treatment of the addendum. We've broken those down into three separate issues, although they are obviously interrelated. Specifically, we believe... Oh, Kathy, excuse me. Could you start the clock running? Kathy just gave you an extra half minute. Go ahead. Thank you, Kathy. Specifically, the first issue we raise is that the district court erred by failing to actually rule on the objection to the addendum. The addendum, as we set forth, only came out two days prior to the sentencing hearing in this case. And to make matters even more complicated, the addendum addressed wholly new issues. It was not necessarily responsive to objections. So in a real sense, I don't think that the addendum was an addendum so much as it was almost an entirely new pre-sentence report, because it raised new factual issues that had never been raised. Counsel had, in fact, not objected to the PSR and had filed a statement saying he had no objections to it. Nevertheless, the addendum came out, which brought up significant additional conduct. And counsel objected, and that's at excerpts pages 40 and 41. Counsel said, we object to this. I have not had time to investigate these allegations and objected to it. And the defendant himself at ER 41 also objected to it specifically. The district court simply said, well, I received a copy of it and I read it and moved on. And we believe that violates Rule 32, specifically Paragraph I-3, that says that any disputed portion of pre-sentence report or other controverted matter must be resolved or the district court must find that resolution of that issue would not affect sentencing in this case. And we know from looking at the record, specifically at excerpts 66 and 67, the district court did, in fact, use the information in the addendum. The district court cited that specifically, relayed the fact that it was considering the recent occurrences at the Spokane County Jail, talked about how serious they were, and that it affected the court's sentencing decision. So the district court did not state as a matter of law that it would not affect sentencing. We know that it did affect sentencing. We know that strict compliance with Rule 32 is required. That's in the Fernandez and Julo case that I cited. Here, the district court could have taken several steps, perhaps the most simple being to simply state either I won't consider the addendum or state that it wouldn't affect sentencing discretion. And the court did neither of those. So having failed to make that clear on the record, having failed to resolve the issue, we're left with a situation where Rule 32 was not complied with. And I would argue that since we don't have an adequate record of the district court's resolution, it also makes appellate review of that issue difficult, if not impossible, which we would also argue violates Rule 32 and requires reversal and remand. Additionally, we believe under a different part of Rule 32 that essentially by submitting the addendum only two days prior to sentencing, that violated Rule 32G, which says that that should be done at least seven days prior to sentencing. And Rule 32 says at least seven days. Obviously, it could be done more. But here we only had two days, and essentially we're arguing that that violates due process. And you don't really need that ground, though, if we agree with your first one, right? If there wasn't compliance with the rules requirement that the judge either make a finding on the objected part or say it's irrelevant, doesn't matter? Yes, Your Honor. You don't have to worry about the timing issue? That would be correct. If we agree with you on the first part? That would be correct. And essentially as we've broken them down, we had, and I believe that would go for what we've labeled as Issue 2, the seven-day rule, and as Issue 3, whether or not the information was reliable. Both of those issues we believe are important, but would not need to be resolved if the court found that the first issue was correct. I don't know about the other panel members, but I understand your position pretty clearly, and if you want, you could sit down and hold your time for rebuttal to answer Mr. Ahmed, who may have kind of a tough road on this case. Unless either of the other judges have a question, I will sit. Okay, Mr. Ahmed, you sort of have a steep hill here with Rule 32's strict compliance requirement because the district court judge did quote and refer to that addendum, so why shouldn't we vacate and remand for resentencing? If I can just cut to the chase. Yes, Your Honor. I'll do my best to roll upstream on this case. I would submit that Rule 32, based on the consistent case law in this circuit, which has been cited both in the defendant's brief and my brief as well, specifically states that if there is a contention about the PSIR, that the judge has to make explicit factual findings, and when it doesn't rely on the PSIR statements in that PSIR, that it has to specifically state that it's not relying on that. And neither of those occurred in this case. The government's argument really rested on a couple issues as to whether the judge, in this case, specifically relied on that. And here's my argument, Your Honor, and I'll get to the point. In this case, the defendant expedited his sentencing, and the PSIR was originally given to him in May of, and I'll tell you the specific date, May 10, 2011. His hearing was just a couple weeks after that, on May 26, 2011. Some two or three days before that hearing, the addendum was provided. The defendant did not request any sort of continuance at that point. I believe the statement made by defense counsel was that he objected to the addendum because he was not able to attest to the veracity or the accuracy of the statements in that addendum. The defendant said, besides from the addendum, I agree to the PSIR. No specific objections as to what was contained in the PSIR, as to any factual disputes were provided to the court. Now, when I say in my brief that the court did not rely on it, I know that this court has said in Rodriguez-Luna that the standard is, if it may have relied on that. But didn't the court expressly refer to the information in the addendum about what, sort of the bad acts that occurred in the jail? It did, Your Honor, but only in response to the defendant's statement about his good nature, about his good conduct, and I think the judge specifically stated that when the defendant did make that statement on ER 66, the judge says, you can't help but notice that just in recent weeks and months, your conduct, particularly at the Spokane County Jail, and on the eighth floor of this courthouse, you engaged in violent conduct against others. Now, I know in the defendant's brief he says that as far as one of the accusations at the Spokane County Jail where he allegedly stabbed somebody in the hand, he was later found not guilty of that. Well, the PSIR notes that as far as the conduct at the federal courthouse, he was actually found guilty of that. He was sentenced on the same day. But the judge goes on in the next sentence to say if half of what is in that addendum is accurate, it's just sheer adolescent vandalism, flooding cells and all that's described. He hasn't even focused on the stabbing in the hand. He's focusing on the sticking the toilet paper in the pipes and flooding the cells incidents. So, I mean, the judge is clearly aware of this, and he said if just half of what's in there is true, and he hasn't resolved whether it's true or not, and he's plainly got it under consideration. So how can this be harmless error? Your Honor, I would submit that the judge is comparing his conduct, what he's done in recent weeks or within the last year, to his conduct that's consistently throughout the PSIR. I mean, the assaults, the spitting at the face of the prison guards, acting out in jail, is nothing inconsistent with what he's done in the past. That's true, all of which is going to weigh very heavily against him, and he disputes the current conduct. And if you didn't have that, the judge might say, well, gee whiz, we don't have any bad reports on you. In the last year, you must be turning over a new leaf, so I'll give you a year less off your sentence. That's correct, Your Honor. That's not harmless error, is it? Well, Your Honor, it would be if it didn't ultimately affect the sentence, but I can't really look at you straight in the face and say that the court did not absolutely rely on this. And I think the standard in Rodriguez-Luna is if he may have, if he may have, then it certainly should be vacated. I would submit that I cited Saturn, and I understand the difference between the two, that in Saturn, and I'm butchering the name, but in that case it was based on whether the person was a permanent resident or a U.S. citizen and really didn't affect his overall sentence. The government's argument in this case was that, albeit it was within the standard guideline range, 92 to 115 months, the judge just felt like his conduct in recent months hadn't changed from his conduct. I think that, I don't think that the, that Mr. Bacon can come in here and say for surety that the judge is not going to give him the same, the same sentence. And if he has, if he gives him the same sentence and resolves all of this in his favor, there may not be, there may not be any grounds for appeal after that. But he's at least, he's probably at least entitled to have Judge Nielsen either decide the matter or say I'm going, I'm not going to take that into account. Your Honor, I would submit that in accordance with Ninth Circuit law, Judge Nielsen did not, in this case, make any specific factual findings as to whether he relied on it and certainly didn't make any findings as to whether he didn't rely on it. I would submit that, Your Honor. I can see that issue and it's in the record plain and clear. Whether it ultimately affected his sentence, I couldn't tell you. And under Rodriguez-Luna, it could have, it may have. And I think that's a standard in that case. I was reading that case last night and the word may, I can't, I can't argue against that. It could have, certainly. I mean, it certainly came up during the sentencing. It was talked about by Judge Nielsen on more than one occasion. And he was bothered by it, you can tell. Mr. Ahmed, you're making a valiant argument for the government. But sometimes if you roll a vote upstream, you get to a point where it's not navigable. I understand, Your Honor. Unless there are other questions by the Court, I'll sit down. Thank you. Okay, Mr. Campbell, do you feel you need to say anything else? Your Honor, the only other thing I would add is that the Court may wish to consider whether it should be remanded, if it were remanded, to a different judge. That would be the only other thing I would say. What is the test that we should employ in determining whether to remand it to a different judge? Your Honor, I didn't notice you request that in your brief, did you? Your Honor, to be candid, I did not. If you didn't, then we shouldn't really be considering an issue that wasn't raised in the briefing that the government didn't have a chance to respond, in my opinion. Understood. Thank you. Okay, well, giving nothing further, we thank both counsel for fine arguments and the case of U.S.P. Bacon shall be submitted.
judges: Gould, Bybee, Bea